UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-166-FDW-DSC

| | | |
|---|---|---|
| **TIGRESS SYDNEY ACUTE MCDANIEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **THE MCCLATCHY COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Rule 60(b) Motion for Relief from Whitney's April 20, 2022 Order Denying Her IFP," [Doc. 4].

The Plaintiff purported to file this action on behalf of herself and her minor child, alleging negligence, defamation, and copyright infringement under the Court's diversity and federal question jurisdiction. [Doc. 1]. She filed an Application to proceed IFP. [Doc. 2].

On April 20, 2022, the Court denied Plaintiff's Application after concluding that the Plaintiff had engaged in judge shopping, and was not proceeding in good faith. [Doc. 3]; see [3:22-cv-76, Doc. 8 at 2]. The Court ordered the Plaintiff to pay the filing fee within 21 days and cautioned her that, if she failed to comply, this action would be dismissed without further notice. [Doc. 3].

Rather than paying the filing fee, the Plaintiff filed the instant Motion in which she appears to seek relief under Rule 60(b)(6) from the Court's April 20 Order. [Doc. 4]. The Plaintiff denies that she is judge-shopping; suggests that the Court is violating the Constitution by engaging in judicial misconduct, and discriminating against her, and denying her access to the courts; and that the Court lacks the discretion to deny her IFP Application. She seeks leave to proceed IFP and a

1

formal apology.

Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). "[R]ule 60(b) does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)."); see also CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 400–401 (4th Cir. 1995) ("[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion 'is not authorized under Rule

60(b)'").

Here, the Plaintiff expresses disagreement with the Court's ruling and asks the Court to change its mind. These arguments do not warrant Rule 60(b) relief and the Motion will be denied.

Moreover, the deadline for the Plaintiff to pay the filing fee has expired and the fee has not been paid. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

Plaintiff is cautioned that the repeated filing of frivolous actions may result in the imposition of sanctions including a pre-filing injunction.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Reconsideration [Doc. 4] is **DENIED**.

2. This action is **DISMISSED WITHOUT PREJUDICE**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

Signed: May 23, 2022

_____
Frank D. Whitney
United States District Judge